UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS J. GRANDERSON,

       Plaintiff,

v.                                                          CASE NO. 04-70022
                                                        HON. LAWRENCE P. ZATKOFF

UNIVERSITY OF MICHIGAN,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on June 16, 2005

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss.  The motion has been fully briefed.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. L.R. 7.1(e)(2), it is hereby ORDERED that the motion will be resolved on the briefs submitted.  For the reasons set forth below, the above motion will be GRANTED.

**II.  BACKGROUND**

**A.     Factual Background and Procedural History**

Plaintiff filed his complaint, *pro se*, on January 5, 2004. With his complaint, Plaintiff alleged that he was terminated from his employment as a "Food Service Worker" for Defendant University of Michigan, (hereinafter "U of M"), on the basis of his race and psychological disabilities. Plaintiff further alleged that he experienced harassment, unfair criticism, false accusations, and retaliation during his employment because of his race and disabilities. Plaintiff's complaint contained the following three counts:

      Count I        Race Discrimination;

      Count II      Disability Discrimination; and

      Count III     Termination in Violation of Public Policy.

*See* Complaint. In Count I, Plaintiff alleged violations of the Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS 37.2201 *et seq.*, the 1964 U.S. Civil Rights Act, and the "Section 1983 KKK Act." In Count II, Plaintiff alleged violations of the Michigan Persons with Disabilities Civil Rights Act, MICH. COMP. LAWS 37.1201 *et seq.*, the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and Title VII, 42 U.S.C. § 2000e, *et seq.* In Count III, Plaintiff alleged wrongful termination in violation of the "Public Policy of the State of Michigan." On January 21, 2004, the Court dismissed Plaintiff's supplemental state law claims without prejudice, leaving only Plaintiff's claims under the 1964 Civil Rights Act, (parts of Counts I and II), the ADA (part of Count II), the Rehabilitation Act of 1973 (part of Count II), and Plaintiff's claim under the "Section 1983 KKK Act," which the Court interpreted as a claim under 42 U.S.C. § 1983.

On April 20, 2004, the Court ordered Plaintiff to show cause why this case should not be

dismissed for failing to timely serve the Defendant.[1]  Plaintiff, however, failed to respond.  Shortly after the time for responding to the order to show cause had expired, Plaintiff retained an attorney in this matter.  Nevertheless, Plaintiff still failed to respond and no amended complaint was filed.  On July 7, 2004, Defendant U of M filed its first motion to dismiss based on lack of service after being presented with a complaint on June 14, 2004, bearing the caption in this case but containing only the state law claims that the Court had previously dismissed on January 21, 2004.  Defendant U of M also asked the Court to impose sanctions on Plaintiff for refusing to consent to the dismissal of the action as presented.  Unaware of the Defendant's motion and request for sanctions, the Court, on July 8, 2004, once again ordered Plaintiff to show cause why the case should not be dismissed for failing to serve the Defendant with the complaint filed in this matter.  On July 28, 2004, Plaintiff responded to Defendant's first motion to dismiss and to the Court's orders to show cause.  Plaintiff alleged that he served Defendant U of M with the complaint on June 14, 2004.  Plaintiff made no attempt to explain why he served Defendant U of M with a complaint containing only state-law claims.

On September 27, 2004, the Court denied Defendant's motion to dismiss.  The Court found that although Plaintiff had not demonstrated good cause for his failure to timely serve Defendant, the Court would nevertheless exercise its discretion to extend the time for service by fifteen days from the date of the Court's opinion.  The Court found that Plaintiff's status as a *pro se* litigant at the beginning of the case and the fact that his Rehabilitation Act claim, unlike his remaining claims,

---

[1] An individual named Tom Rhodes was also initially named in the action.  The Court, however, dismissed him from the action on September 27, 2004, because Plaintiff had made no attempt to serve him with the complaint.  *See Granderson v. Univ. of Mich.*, No. 04-70022 (E.D. Mich. Sept. 27, 2004).

was not barred by either governmental immunity or procedural exhaustion requirements, weighed slightly in favor of allowing him additional time to serve the complaint, or an amended complaint given that the Plaintiff was now represented by counsel. *See Granderson v. Univ. of Mich.*, No. 04-70022 (E.D. Mich. Sept. 27, 2004).

On October 8, 2004, Plaintiff once again served Defendant with the wrong complaint, prompting Defendant to file another motion to dismiss. Defendant argued that the Plaintiff's refusal to comply with the Court's previous orders to show cause and the Court's September 27, 2004, Opinion and Order, warranted dismissal of the Complaint under FED. R. CIV. P. 4(m). Despite the discussions regarding Plaintiff's failure to serve the correct complaint in both Defendant's first motion to dismiss and the Court's September 27, 2004, Opinion and Order, Plaintiff asserted that "[u]ntil a visit to the Federal District Court on November 15, 2004, the attorney for plaintiff was unaware that the Complaint he had in his file was not the same Complaint which was actually filed with the Federal District Court." Plaintiff's Answer to Motion to Dismiss, at ¶ 4. Plaintiff's attorney also asserted that "[i]mmediately upon learning that his file did not contain the correct complaint, and that the correct complaint was not personally served on the University of Michigan . . ., the attorney for the plaintiff wrote to the attorney for the University of Michigan explaining the situation and sending copies of both Complaints." *Id.* at ¶ 5. Additionally, Plaintiff contended that he served Defendant with the proper complaint as soon as his counsel became aware of the problem, even though service occurred approximately thirty days after the expiration of the fifteen day extension afforded by the Court in its September 27, 2004, Opinion and Order.

Although there was no valid excuse for Plaintiff repeating his error of filing the wrong complaint, the Court nevertheless denied Defendant's motion to dismiss on December 22, 2004. On

March 17, 2004, Plaintiff filed a First Amended Complaint omitting all of his previous claims except one count of racial discrimination in violation of Title VII.

Rather than answer Plaintiff's First Amended Complaint, Defendant filed the present motion to dismiss for lack of jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Defendant argues that this Court lacks jurisdiction to address Plaintiff's sole count of racial discrimination under Title VII because Plaintiff did not file a charge of discrimination with the EEOC. Plaintiff responded without filing a brief or submitting any legal authority.[2] Plaintiff argues that (1) the defense of lack of subject matter jurisdiction should have been raised earlier, and (2) because he acted *pro se* before hiring his present lawyer, he "may have been unaware of the requirement of an EEOC ruling." Plaintiff's Response at 2.

### III. LEGAL STANDARD

Defendant has moved to dismiss under Rule 12(b)(1) based upon Plaintiff's failure to exhaust Title VII's administrative requirements. Fulfilling the administrative exhaustion requirements of Title VII is a condition precedent to filing suit, not a jurisdictional prerequisite. *See Zipes v. TWA*, 455 U.S. 385, 392-98 (1982); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). Thus, Defendant's motion to dismiss for lack of exhaustion is more "properly considered a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." *Varga v. Rumsfeld*, 172 F. Supp. 2d 1323, 1324 (D. Colo. 2001).

---

[2] This Court specifically noted in its December 22, 2004, Opinion and Order that Plaintiff had violated the Court's local rules by failing to file a brief in response to Defendant's motion to dismiss. *See Granderson v. Univ. of Michigan*, 04-7022, at n. 2 (E.D. Mich. Dec. 22, 2004). Nevertheless, Plaintiff persists in ignoring the Court's local rules by once again responding to a motion without submitting a brief.

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Furthermore, the Court need not accept as true legal conclusions or unwarranted factual inferences. The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

## IV. ANALYSIS

It is well-settled that in order to pursue a claim under Title VII, the plaintiff must first file a timely charge of discrimination with the EEOC and receive a right-to-sue letter. *See Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) ("The Title VII plaintiff satisfies the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue."). Plaintiff admits that he never filed a charge of discrimination with the EEOC or received a right-to-sue letter. Although these requirements are subject to certain exceptions, such as waiver, estoppel, and equitable tolling, Plaintiff has presented no argument with regard to these exceptions. *See Zipes*, 455 U.S. at 393. Furthermore, Plaintiff's status as a *pro se* litigant during the early stages of this matter does not exempt him from Title VII's administrative exhaustion requirements. *See Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, *6 (6th Cir. Dec. 19, 2000); *Smith v. Social Sec. Admin.*, 54 F. Supp. 2d 451, 454 (E.D. Pa. 1999) ("[Plaintiff's] status as a pro se plaintiff

does not exempt him from the requirement of exhaustion of his administrative remedies prior to the opportunity for judicial review."); *Brazile v. City of New York*, 215 F. Supp. 2d 354, 362 (S.D.N.Y. 2002) ("While district courts should read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments they suggest, proceeding *pro se* does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotations omitted). Finally, Plaintiff's argument that the exhaustion defense should have been raised earlier is particularly weak. Defendant raised the defense before its first responsive pleading to Plaintiff's First Amended Complaint. Although the First Amended Complaint was filed more than one year after this matter was initially filed, it was Plaintiff's failure to properly serve Defendant despite numerous orders to show cause and motions to dismiss that caused the delay. In addition, Defendant explicitly raised the exhaustion defense in its July 7, 2004, motion to dismiss. Accordingly, the Court finds none of Plaintiff's arguments persuasive and, therefore, Plaintiff's cause of action must be dismissed.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [dkt. # 19] is hereby GRANTED.

IT IS SO ORDERED.

Dated: June 16, 2005

 s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE